



UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| SPLITROCK PROPERTIES, INC., a South Dakota Corporation, | * * * | CIV. 08-4172 |
| Plaintiff, Counterclaim Defendant | * * | MEMORANDUM OPINION AND ORDER REGARDING MOTION |
| vs. | * * * | TO DISMISS COUNTS 2 AND 3 OF SPLITROCK'S COMPLAINT |
| QWEST COMMUNICATIONS CORPORATION, a Delaware Corporation, | * * * | |
| Defendant, Counterclaimant, | * * | |
| vs. | * * | |
| FREE CONFERENCING CORP., A Nevada Corporation, | * * * | |
| Counterclaim Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant Qwest Communications Corporation (Qwest) has moved pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Counts 2 (breach of implied contract) and 3 (unjust enrichment) of the complaint of Plaintiff Splitrock Properties, Inc.(Splitrock) for failure to state claims upon which relief can be granted. Doc.9. For the reasons stated in this memorandum opinion, the motion is granted.

Allegations of Complaint

The Complaint alleges that Splitrock, a South Dakota corporation, provides originating and terminating access services to Qwest, a long distance telephone company. The access services permit Qwest to transmit long distance telephone calls over lines which are neither leased nor owned by Qwest. Splitrock invoiced Qwest monthly since October of 2006 with the applicable rates set forth in tariffs filed with the Federal Communications Commission (FCC) and the South Dakota Public Utilities Commission (PUC). Qwest refuses to pay the invoiced amounts.

In Count 1 of the Complaint Splitrock alleges that Qwest's failure to pay the invoice amounts constitutes a breach of the applicable tariffs and accordingly, a breach of contract. In Count 2 of the

Complaint Splitrock alleges that the course of action between the parties constitutes an implied contract, and that Qwest's failure to pay the invoice amounts constitutes a material uncured breach of the implied contract. In Count 3 of the Complaint Splitrock alleges that the services provided for Qwest by Splitrock conferred a benefit on Qwest and that it would be inequitable for Qwest to retain this benefit without compensating Splitrock , and that the equitable doctrines of quantum meruit and unjust enrichment entitle it to such damages as it may prove at trial. Doc. 1.

## ANALYSIS

In considering a motion under Rule 12(b)(1)(6) the factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556(2007), *cited in Data Mfg., Inc. v. United Parcel Service, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 565 (internal citations omitted); *see also Ashcroft v. Iqbal*,129 S.Ct. 1937 U.S. (2009). The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief. *Id.* at 1965 (internal citations omitted); *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). In the case at hand, Qwest maintains that because of the filed rate doctrine, there is no right to relief on the implied contract and unjust enrichment claims.

Section 203(a) of the Communications Act requires all common carriers to file with the FCC schedules, also known as tariffs, setting forth its charges and showing the classifications, practices, and regulations affecting such charges. 47 U.S.C. § 203(a). The FCC requires carriers to sell long-distance service to resellers under the rates, terms and conditions set forth in the published tariffs.47 U.S.C. § 203( c). Under the filed rate doctrine, which applies to the Communications Act as well as the Interstate Commerce Act, only the rate set forth in the tariff applies to the covered services. As the Supreme Court has explained:

> "Under the Interstate Commerce Act, the rate of the carrier duly filed is the only lawful charge. Deviation from it is not permitted upon any pretext. Shippers and travelers are charged with notice of it, and they as well as the carrier must abide by it, unless it is found by the Commission to be unreasonable. Ignorance or misquotation of rates is not an excuse for paying or charging either less or more than

the rate filed. This rule is undeniably strict and it obviously may work hardship in some cases, but it embodies the policy which has been adopted by Congress in the regulation of interstate commerce in order to prevent unjust discrimination."

*American Tel. and Tel. Co. v. Central Office Tel., Inc*, 524 U.S. 214, 222 (1998)(quoting *Louisville & Nashville R.R. Co. v. Maxwell*, 237 U.S. 94, 97 (1915)).

It has been held that because a determination that a local exchange carrier and a long distance carrier entered into a quasi-contract entitling recovery based on quantum meruit could result in the recovery of a rate other than the rate specified in the tariff, a quasi-contract claim must fail under the filed-rate doctrine. *See Advamtel, LLC v. AT & T Corp.*,118 F.Supp.2d 680, 688 (E.D.Va. 2000); *see also, Central Iowa Power Coop. v. Midwest Indep. Sys. Op.*, 2007 WL 2752075 (N.D. Iowa Sept. 18, 2007)( implied contract in fact, implied contract in law and unjust enrichment claims barred by the filed rate doctrine).The filed rate doctrine thus prohibits courts from granting relief that would have the effect of changing the rate charged for services rendered pursuant to a valid tariff. *Sancom, Inc. v. Qwest Commc'ns Corp.*, 2008 WL 2627465 at *3 (D.S.D. June 26, 2008).

While interstate communications are governed by the FCC, intratstate communications are governed by the South Dakota PUC. Schedules and tariffs approved by the PUC have the force and effect of law. *See Johns v. Black Hills Power, Inc.*,722 N.W.2d 554, 556 (S.D. 2006). A cause of action based on unjust enrichment or implied contract that could provide relief which differs from the tariffs approved by the PUC is likewise prohibited. Accordingly,

> IT IS ORDERED that the motion (doc. 9) to dismiss Counts 2 (breach of implied contract) and 3 (unjust enrichment) of Splitrock's Complaint is granted.

Dated this 28th day of August, 2009.

BY THE COURT:

*/s/ Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Summer Withaar*
(SEAL)     DEPUTY

3